AO 91 (Rev. 11/11) Criminal Complaint

U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Feb 26 - 2026**

John M. Domurad, Clerk

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | |
| **SHAWN VAILLANCOURT,** | ) | Case No.    1:26-MJ-37 (GLF) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date(s) of February 24, 2026 in the county of Hamilton in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) | Possession with intent to distribute a controlled substance, in that the defendant knowingly and intentionally possessed with intent to distribute methamphetamine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:
Click here to enter text.

☒    Continued on the attached sheet.

_____    2.26.2026
                                                                    12:55pm
*Complainant's signature*

Special Agent Christopher Laramee, DEA

*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:  Feb. 26, 2026

*Judge's signature*

City and State:    Plattsburgh, NY

Hon. Gary L. Favro, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher Laramee, Special Agent, Drug Enforcement Administration, being duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been employed by the DEA since April 2019, at which time I commenced and subsequently completed seventeen (17) weeks of DEA Basic Agent Training at the Justice Training Center in Quantico, Virginia. I am currently a Special Agent with the DEA, Plattsburgh Resident Office, located in Plattsburgh, New York. I have been so assigned since September 2022. I was previously assigned to Albany District Office for approximately 3 years. Prior to my employment with DEA, I was employed by the New York State Park Police as a Police Officer from October 2014 to April 2019. In conjunction with my current official duties as a Special Agent, I investigate criminal violations of federal narcotics laws, including, but not limited to Title 21, United States Code ("USC") Sections 841, 843, 846 and 848. I have received specialized training and participated in the enforcement of laws concerning controlled substances. As a result of my training and experience, I have become familiar with the manner in which illegal drugs are imported and distributed, methods of payments for those drugs, the various ways that

money is laundered or transported back to the sources of those drugs, and efforts of persons involved in such activity to avoid detection by law enforcement.

3.      This affidavit is intended to show merely that there is probable cause for a complaint and does not set forth all my knowledge about the matters under investigation. Where statements of others are related in this affidavit, they are related in substance and in part. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Shawn VAILLANCOURT (hereinafter, "VAILLANCOURT") has committed a violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(C), possession with the intent to distribute controlled substances.

### BASIS FOR PROBABLE CAUSE

4.      On February 24, 2026, New York State Police Trooper Mitchel Keniston observed Shawn VAILLANCOURT operating a Brown 2014 Chevrolet Silverado pickup truck, bearing New York registration LXX4361, traveling northbound along State Route 30 in the Town of Long Lake, NY. VAILLANCOURT is the registered owner of said vehicle. VAILLANCOURT is known to Trooper Keniston from prior interactions and Trooper Keniston knew VAILLANCOURT's New York State driver's license was suspended. Trooper Keniston initiated a traffic stop for violation of New York State Vehicle and Traffic Law, aggravated unlicensed operation 2nd degree. Trooper Keniston approached the vehicle and during conversation, VAILLANCOURT stated in sum or substance he knew he was not supposed to be driving, and he knew his license had been suspended. Trooper Keniston asked VAILLANCOURT to step out of the vehicle to interview him. VAILLANCOURT stated, in sum or substance, that he was coming from a court in Saratoga County where he was attempting to clear some of the suspensions on his

license. The vehicle's passenger provided a similar story to VALLANCOURT'S but claimed to be sleeping during much of the trip. A law enforcement database query revealed the passenger also possessed a suspended New York State driver's license. VAILLANCOURT was taken into custody for the aggravated unlicensed operation 2nd degree.

5.      Since there was no licensed driver, the Trooper Keniston requested a tow truck. Per New York State Police policies and procedures, an inventory of the vehicle was conducted. During the search, a clear glass smoking device containing a quantity of suspected methamphetamine residue was located in the overhead sunglass holder. Trooper Keniston asked VAILLANCOURT about the glass smoking device and VAILLANCOURT stated, in sum or substance, it was not his, but he believed it was used to smoke methamphetamine. Trooper Keniston searched the passenger's bag and found a clear glass jar containing a quantity of suspected crystal methamphetamine. Both VAILLANCOURT and the passenger were transported to New York State Police barracks Tupper Lake, NY for further processing.

6.      The vehicle was towed to New York State Police Tupper Lake barracks garage where a thorough search of the vehicle was conducted. During the search, a 5-gallon bucket of sand was observed in the bed of the truck. Within the bucket, covered by sand, was a plastic bag containing approximately 578 grams of a substance that field tested positive as methamphetamine and approximately 11 grams of a substance that field tested positive as fentanyl.

7.      Based on your affiant's training, experience and knowledge of drug trafficking, this amount of methamphetamine is indicative of an intent to distribute.

8.      Based on the foregoing, I submit that there is probable cause to believe that Shawn VAILLANCOURT has committed a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) (possession with intent to distribute controlled substances).

Attested to by the Affiant:                    Respectfully submitted,

2.26.2024
12:55Pm

Christopher Laramee
Special Agent
Drug Enforcement Administration

I, the Honorable Gary L. Favro, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on _Feb. 26, 2026_ in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Honorable Gary L. Favro
U.S. Magistrate Judge